IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01446-WYD-MEH

PHILIP R. CONKLIN,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

**ORDER**

I.     INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Defendant's Motion for Partial Summary Judgment, filed October 8, 2010 [ECF No. 55].

Defendant seeks summary judgment in its favor on the part of Plaintiff's First claim for relief that alleges negligence in violation of the Federal Employer's Liability Act (FELA) 45 U.S.C. § 51 *et seq.*

Voluminous facts have been asserted by both parties in connection with the summary judgment motions and briefing, many of which are undisputed, as well as many of which are immaterial to the issue necessary for determination of this motion. I will summarize below those facts which I deem pertinent to my ruling. I have, however, construed all of the facts in the light most favorable to Plaintiff as I must for purposes of this summary judgment motion. *See Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008).

This case involves injuries suffered by Plaintiff Philip R. Conklin [Plaintiff or Conklin] while he was acting in his capacity as a foreman in the Track Department of Defendant BNSF Railway Company [Defendant or BNSF] on or about August 1, 2006. The Track Department is responsible for the inspection and maintenance of tracks, their ties and the roadbed, also known as the ballast. On the date in question, an empty coal train was headed westward between two points in Wyoming. The dispatcher who was responsible for this train was located in Fort Worth, Texas. That dispatcher received a weather warning for the general area in which the train was running but did not warn the crew of the train as was required by BNSF's System Special Instructions. Later that afternoon, after the dispatcher received the weather warning, approximately ten (10) rail cars from the pertinent train derailed because of high winds.

As a result of the derailment, Plaintiff was sent out to the affected area to examine and repair any track that was adversely affected by the derailment. After several hours of work repairing the track, Plaintiff allegedly slipped and injured his lower back.

II.   ANALYSIS

   A.   Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of*

*Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991). However, the nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Fed. R. Civ. P. 56(e) requires that a nonmoving party's evidence be "identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

    B.    <u>Defendant's Arguments</u>

Defendant BNSF makes four arguments in favor of its motion for partial summary judgment. Those arguments are interconnected, as are Plaintiff's responses thereto. Consequently, the arguments will be discussed together.

Defendant's first argument is that Plaintiff's alleged injury is too remote from the derailment that occurred earlier that day to establish a claim under FELA. There are multiple components to this argument in that BNSF contends that Plaintiff's injury was "wholly unrelated" to the derailment because it was not close enough in either space or time to the derailment. (Defendant's Brief in support of motion at 13.) It cites a 1969 case from

an Illinois state court, *Mensen v. Baltimore & Ohio R.R. Co.,* 111 Ill. App. 2d 362, 250 N.E.2d 303, which involved a railroad worker who was injured while changing a tire on his company truck. The worker sued the railroad for damages based on incidents involving the partial replacement of allegedly worn tires on the truck. The Illinois appellate court found that the injury was too far removed by any possible negligence by the railroad. It is Defendant's position, relying upon *Davis v. Wolfe*, 263 U.S. 239 (1923), that the derailment merely created a condition or situation that, while not causing the accident, ultimately resulted in the accident.

Defendant's second argument in support of partial summary judgment is that Plaintiff's own negligence was the sole proximate cause of his injury. It is BNSF's position that Plaintiff's accident was entirely unrelated to the derailment. The railroad points out that Plaintiff's injury occurred while walking on a track, which was not even the track upon which the derailment occurred and which he had done repeatedly and regularly in the course of his work for many years.

Defendant's third argument is that BNSF is not liable for Plaintiff's injury because it had no notice of a dangerous condition and the injury was not foreseeable. It relies on two United States Supreme Court cases in support of this position. In *Inman v. Baltimore & Ohio R.R. Co.*, 361 U.S. 138 (1959), the railroad was found not liable for failing to provide a reasonably safe workplace to the plaintiff who was struck by a drunk driver at a railroad crossing where he had worked during the same late night shift without incident for years. *Brady v. Southern R.R. Co.*, 320 U.S. 3476, 483 (1943) involved a brakeman who was on the step of the rear railroad car which was bumped and caused him to be thrown under the

wheels, resulting in his instant death.  The U.S. Supreme Court affirmed on the basis that there was no question for the jury regarding whether prior events regarding the railcar caused plaintiff's death.

Defendant's final argument in support of its motion is that it was not negligent.  On this issue, Defendant makes factual arguments that the derailment had no relationship to the accident, citing factors such as the weather and alleged speed of the train when it derailed.

### C.     Plaintiff's Response

Plaintiff begins by arguing that BNSF's characterization of the issue of causation is too narrow.  Conklin relies on *Wilson v. Union Pacific R.R. Co.*, 56 F.3d 1226 (10th Cir. 1995) for the proposition that the standard used to determine causation has changed a great deal since *Davis v. Wolfe*, 263 U.S. 239, was decided in 1923.  In *Wilson*, the plaintiff was injured after the train was stopped so that it could be examined to determine the source of a problem.  After the problem was alleviated, the plaintiff was returning to the locomotive when he made a misstep that caused him to injure his ankle.  Consequently, the repair had been completed and the plaintiff was no longer at the scene of the repair when he was injured.

Neither the factor of remoteness of time nor of location caused the Tenth Circuit to absolve the railroad of liability for plaintiff's damages in *Wilson*.  "Even under a proximate cause analysis, it is entirely foreseeable that an employee charged with repairing [a train malfunction] must not only go to but also return from the repair site."  *Wilson*, 56 F.3d at 1230.  Plaintiff argues that factor mirrors the situation in the present scenario in which

Conklin was injured was injured during his hours-long response to an emergency repair call which occurred after the derailment at issue.

Plaintiff goes on to argue the standard of causation as he believes is provided by current law and its application to the facts of this case. He also addresses contentions made by Defendant regarding comparative negligence and foreseeability.

### D.   Application of Law to Facts

The fulcrum of the pertinent law on the standard of causation under FELA is *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500 (1957). *Rogers* signaled a major shift in the consideration of what caused an injury for an employee covered by that Act. As discussed in great detail by the Seventh Circuit Court of Appeals in *McBride v. CSX Transportation, Inc.*, 598 F.3d 388 (2010), FELA itself abrogates the common law formulation for proximate cause by prescribing recovery for injuries "resulting *in whole or in part* from the negligence" of the railroad. 45 U.S.C. § 51 (emphasis added).

As noted by the *Rogers* Court, when FELA was originally enacted in 1908, Congress was concerned about whether the employer had any fault in the events at issue and whether that fault had any part in the employee's damages. *Rogers,* 352 U.S. at 508. Congress wanted these two issues decided by a jury whenever there was any question regarding them as a matter of law. *Id*. Then case law developed showing that few cases under the statute were going to the jury because the lower courts continued to allow vestiges of common-law negligence defenses to defeat claims as a matter of law. The Act was amended in 1939 to further clarify that Congress wanted the fact-finding done by the jury if "employer fault played *any* part in the employee's mishap." *Id.* at 509 (emphasis

added).  To further emphasize the point, the *Rogers* Court reiterated the "special features of this statutory negligence that make it significantly different from the ordinary common-law negligence action."  *Id.* at 509-10.

This case law in itself defeats some of Defendant's arguments.  The 'remoteness' of the incident at issue from the derailment that occurred earlier that day is one such example.  While it is true that Plaintiff's injury occurred many hours after the derailment,[1] that factor does not defeat his claim.  It is undisputed that Plaintiff responded to the derailment site only because of the derailment and that he remained there, after his normal shift, repairing track until the time of his accident.

Similarly, the analysis of *Davis v. Wolfe*, 263 U.S. 239 (1923) regarding the creation of a condition or situation is not persuasive as the opinion was written in adherence to pre-*Rogers* case law.  The Illinois state court opinion in *Mensen v. Baltimore & Ohio R.R. Co.*, 111 Ill. App. 2d 362, 250 N.E.2d 303 (1969), another case relied upon by Defendant, is also distinguishable and not persuasive.

The 'zone of danger' analysis articulated in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994), deals with the test for emotional damages in a FELA case. It has no application to the facts of this case and I do not feel that it is 'instructive' to the circumstances that occurred in this case considering the wealth of case law on the subject of causation for physical injuries.

BNSF's other arguments about the causation of Plaintiff's injury, whether that

---

[1] Defendant argues the Plaintiff's injury also occurred a significant distance from the site of the actual derailment but factual support for this contention could not be found in the exhibits.  It is unlikely that it would change anything in any event.

-7-

Plaintiff was the sole cause of his own injury or that the Defendant was not liable because the injury was not foreseeable, are similarly to no avail. I can easily dispose of the first of these. Finding Plaintiff was the sole cause of his own injury would require me to determine that nothing done by BNSF had any part in causing that injury. That would be an inappropriate judicial finding in the context of a motion for summary judgment.

On the issue of foreseeability, the case of *Wilson v. Union Pacific R.R. Co.*, 56 F.3d at 1230 is helpful. "Even under a proximate cause analysis, it is entirely foreseeable that an employee charged with repairing [a Safety Appliance Act] violation must not only go to but also return from the repair site." *Id*. The court went on to find that as there was no suggestion that the plaintiff had already returned from the repair site or had begun duties unrelated to the repair of the violation, it was sufficient to deny the railroad's motion for summary judgment. While Conklin's need to make repairs on the tracks on which the derailment occurred may or may not have been related to the dispatcher's failure to inform the engineer about the weather warning, there does not appear to be any dispute that as foreman of the Track Department, it was within Plaintiff's official duties to respond to the site of the derailment and repair the track. Consequently, I cannot find that the injury was not foreseeable as a matter of law.

While BNSF argues that "but for" causation alone is insufficient to establish liability against it, Plaintiff has not argued otherwise. The standard as defined in *Rogers* is clear. "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury or death for which damages are sought." *Rogers*, 352 U.S. at 506 (emphasis

added). "Recovery under [FELA] is possible, [ ] even when an employer's contribution to injury was slight in relation to all other legally cognizable causes." Norfolk Southern Railway Co. v. Sorrell, 549 U.S. 158, 175 (2007) (Souter, J., concurring).

Finally, Defendant argues that it is entitled to summary judgment on the part of Plaintiff's first claim for relief that alleges negligence in violation of FELA because BNSF was not negligent in the derailment. In support of this argument, Defendant relies upon testimony primarily from the engineer of the train which derailed. I can easily dispose of this contention. Once again, granting judgment on this point would subvert the function of the jury by making inappropriate findings on material factual issues. The issues include the speed of the train at the time it derailed, the weather on the day of the derailment, the engineer's likely reaction if he had received the severe weather warning which company policy dictated should have been relayed to him and the lighting available at the scene of the derailment. (*See* Plaintiff's Resp. to Def.'s Mot. at p.2 ¶6, p.3 ¶8, p.3 ¶16, p.6 ¶30, and supporting documentation, respectively for evidence creating factual issues). All of these issues are possibly material to the issue of whether Defendant was negligent.

III.   CONCLUSION

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Defendant's Motion for Partial Summary Judgment, filed October 8, 2010 [ECF No. 55] is **DENIED**.

Dated:  June 1, 2011

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Chief United States District Judge